**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JERRELL WOODS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 12-2411-KHV** |
| **NAZDAR COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Jerrell Woods filed suit against his former employer, Nazdar Company, for discrimination based on race or color in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. On July 2, 2012, Magistrate Judge James P. O'Hara granted plaintiff's motion for leave to proceed in forma pauperis, Order (Doc. #5) filed July 2, 2012, but denied his motion for appointed counsel, Order (Doc. #6) filed July 2, 2012. This matter comes before the Court on plaintiff's Motion For Review (Doc. #8) filed July 16, 2012.

**Legal Standards**

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court must affirm the magistrate judge's order unless the entire evidence leaves it "'with the definite and firm conviction that a mistake has been committed.'" Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)

(quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only for clear abuse of discretion).

There is no constitutional right to counsel in an employment discrimination case. Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1420 (10th Cir. 1992). In determining whether to appoint counsel under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must show "(1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel, and (3) meritorious allegations of discrimination." Id. at 1421. In close cases, the Court considers a fourth factor – plaintiff's ability to present the case without counsel – as an aid in exercising discretion.[1] See id. The determination to appoint counsel involves two competing considerations. On one hand, in light of Congress' special concern regarding legal representation in Title VII actions, the Court must give "serious consideration" to plaintiff's request for counsel. Id. On the other hand, the Court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. Id. at 1421.

**Analysis**

Plaintiff asks the Court to review Judge O'Hara's order denying appointed counsel. In his

---

[1] Judge O'Hara correctly reviewed plaintiff's motion on these factors, identifying 28 U.S.C. § 1915(e)(1) as the authorizing statute. However, Title VII provides an independent basis for appointing counsel in employment discrimination suits. See Castner, 979 F.2d at 1420 n.2 (distinguishing Title VII from a court's appointment powers for proceedings in forma pauperis). Because Judge O'Hara's order cites case law covering both Title VII and § 1915 cases, he sufficiently considered both avenues of relief when analyzing plaintiff's motion.

Motion for Review, plaintiff does not claim any error by Judge O'Hara; he merely asks for review of the order. Judge O'Hara found as follows: First, plaintiff likely did not have the income or assets to pay an attorney on an hourly basis. Order (Doc. #6) at 2. Second, plaintiff had contacted six law firms and the Lawyer Referral Service. Id. While he was not required to "exhaust the legal directory," many other local attorneys could take the case on a contingency basis provided it had merit. Id. Third, and perhaps explaining his lack of success in enlisting professional aid, plaintiff's case did not appear to be particularly meritorious. Id. Finally, the facts and issues presented were simple enough that plaintiff could adequately prepare and present his case. Id. at 2-3.

This Court is not convinced of any reversible error by the magistrate judge. Judge O'Hara examined all relevant factors, finding that plaintiff's case seemingly lacked merit, an essential element to plaintiff's motion for appointed counsel. Further, plaintiff's claims are relatively simple, and his 14-page handwritten complaint supports Judge O'Hara's finding that plaintiff has the capacity to prepare and present his case. Finally, plaintiff fails to cite any extenuating circumstances necessitating appointed counsel.[2] In summary, plaintiff has not alleged or shown that Judge O'Hara's order is clearly erroneous or contrary to law. For this reason, the Court affirms the magistrate judge order declining to appoint counsel for plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Review (Doc. #8) filed July 16, 2012 be and hereby is **OVERRULED**.

Dated this 17th day of October, 2012 at Kansas City, Kansas.

---

[2] The Court notes that plaintiff recently moved from Houston to Kansas City, so geographic distance will not hinder his case preparation and presentation.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge